UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-00955-1 |
| | § | |
| JOSE LUIS BANDA; aka SALSA; aka PRIMO; aka CUZ | § § | |

## FINDINGS AND RECOMMENDATION
## ON PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On January 17, 2014, the Defendant appeared with counsel before the undersigned magistrate judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

     1.    The Defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the Defendant in a prosecution for perjury or for making a false statement;

     2.    The Defendant was advised that Count One of the Third Superseding Indictment charged a violation of Title 21, United States Code, Section 846 which makes it unlawful for any person knowingly to conspire with another to possess with intent to distribute more than 1,000 kilograms of marihuana, a Schedule I controlled substance.

     3.    The Defendant was advised of the Defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt, that is the United States must prove beyond a reasonable doubt that (1) two or more persons, directly or indirectly, reached an agreement to knowingly and intentionally possess with intent to distribute a controlled substance; (2) the Defendant knew of the unlawful purpose of the

agreement; (3) the Defendant willfully joined in the agreement, that is voluntarily with the intent to further its unlawful purpose; and (4) the overall scope of the conspiracy involved at least 1,000 kilograms of marihuana, a Schedule I Controlled substance. The Defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear in the Defendant's behalf, and the right to testify in the Defendant's behalf or to remain silent;

4. The Defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the Defendant's behalf, and the right to remain silent;

5. The Defendant was advised that the minimum and maximum possible sentence included a minimum prison term of ten years and a maximum term of life in prison without probation, parole, or suspended sentence; the Defendant was further advised that a fine of up to $10,000,000 could also be imposed; the Defendant was further advised that after the prison sentence was served the Defendant would be subject to a minimum supervised release term of five years and a maximum period of supervised release of life; if the Defendant violated supervised release, the Defendant could be required to return to prison for up to five more years; the Defendant also was advised that even if he received the maximum five year sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to a five year sentence again; the Defendant was advised that this could happen multiple times until he had completed serving his term of supervised release; the Defendant also was advised that a mandatory $100 special assessment applied to this felony conviction.

6. The Defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); the Defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him;

7. The Defendant was advised that conviction of this offense would cause him to lose certain rights he has as a citizen, such as the right to possess and own firearms, the right to vote, the right to serve on a jury, and the right to hold public office, and the Defendant stated that he understood and had discussed these matters with his attorney; and

8. The Defendant was advised that his written plea agreement with the United States included a promise that, in exchange for his plea of guilty to Count One and his agreement to forfeit the currency and properties listed in the written plea agreement, the United States would recommend the maximum allowable credit for acceptance of

responsibility and a sentence within the applicable guideline range as decided by the District Court and would agree to waive its right to forfeit any additional properties or currency not listed in the written memorandum of plea agreement; the United States further agreed to stipulate, for purposes of calculating relevant conduct, that the amount of marihuana involved in the conspiracy was less than 30,000 kilograms, to stipulate that the United States had no evidence that a firearms enhancement was applicable, and if the PSI recommended an enhancement for obstruction of justice, the United States would remain neutral; in addition, if the Defendant has provided or did provide prior to sentencing, substantial assistance to the United States, the United States *may* move for a downward departure pursuant to U.S.S.G. §5K1 and commensurate with the value of the information provided; the Defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested solely with the sentencing judge; and

The Defendant was further advised that the plea agreement contained a waiver of his right to appeal and to file any petitions collaterally challenging his conviction; the Defendant stated that he had discussed the appeal waiver with his attorney and he understood that he was knowingly waiving his right to appeal the conviction and sentencing decision of the District Court to a higher court unless the District Court *sua sponte* departed upward from the applicable guideline range or imposed a sentence that exceeded the maximum sentence, and that he was knowingly waiving his right to file a petition collaterally challenging his conviction; the Defendant stated that he understood he was also waiving his right to challenge an upward variance in his sentence.

The Defendant stated that he had received a copy of the Third Superseding Indictment and he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The Defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the Defendant a certain sentence. The Defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the Defendant to be sufficiently competent to enter a plea of guilty.

The Defendant pleaded guilty to the offense of conspiracy to possess with intent to distribute more than 1,000 kilograms of marihuana as charged in Count One of the Third Superseding Indictment. When questioned about the guilty plea, the Defendant admitted that the factual basis for the plea, as set forth by the United States Attorney, was correct.

The undersigned United States Magistrate Judge finds that Defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.  Undersigned further finds that the Defendant knowingly and voluntarily agreed to forfeiture of the currency and property set forth in the Memorandum of Plea Agreement.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the Defendant's plea of guilty, and enter a finding that the Defendant is guilty as charged in Count One of the Third Superseding Indictment.  It is further recommended that the District Court approve the criminal forfeiture as to the currency and property set forth in the Memorandum of Plea Agreement.

Respectfully submitted this 17th day of January, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).